# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
October 6, 2010 Session

## WISE CONSTRUCTION, LLC, ET AL. v. THOMAS BOYD, ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 05-0477     W. Frank Brown, III, Chancellor**

_____

**No. E2009-01899-COA-R3-CV - Filed March 13, 2011**

_____

D. MICHAEL SWINEY, J., dissenting.


I respectfully dissent from the Majority's decision in this case. The Majority found that the Trial Court "did not err in finding that Wise Construction, LLC was the contracting party...." I believe the evidence and Tennessee law shows that John S. Wise, III rather than Wise Construction, LLC was the contracting party, and I would so hold.

The facts as set forth in the Majority's Opinion lead, when applied to Tennessee law, to only one conclusion with that conclusion being that John S. Wise, III was the party to the contract. As stated in the Majority's Opinion:

> The construction contract at issue was a form from a homebuilders association. Mr. Wise filled in the blanks. The name "Wise Construction, LLC" does not appear anywhere on the contract; no LLC is named at all. The signature block for the "CONTRACTOR" is signed "John S. Wise, III" with no designation of any representative capacity or other entity identified. Immediately below that word appears a line labeled "Contractor License #" and there has been written in the numbers: 041427. In two other places on the contract, the name "Wise Construction" (without the LLC designation) is written in as the contractor. For instance, in paragraph 9, there has been inserted in handwriting adjacent to the printed word "Contractor": "Wise Construction, 1023 Mtn. Creek Rd., Chatt., TN 37415."

The first payments for work performed under the contract were made payable to "John S. Wise, III," at his request. These payments were subsequently endorsed "John S. Wise, III." Payments were usually made payable to "Wise Construction Company" or "John Wise Construction Company." While no payments were made payable to "Wise Construction, LLC," most were endorsed "Wise Construction LLC."

As for the change orders, the name "Wise Construction, LLC" does not appear anywhere on any of them. Each of the change orders that are typewritten shows a signature line titled "Contractor" signed "John S. Wise, III," without any designation or indication that such signature is in any representative capacity. On occasion, Mr. Wise sent faxes to the Boyds that do show the name "Wise Construction, LLC."

In resolving a dispute concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contract language. *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 889-90 (Tenn. 2002)(citing *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). A determination of the intention of the parties "is generally treated as a question of law because the words of the contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide." *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)). The determination of the intent of the parties includes who the parties to the contract are. The question to be answered is, what was the parties' intent at the time the contract was executed and not what a party may have learned later.

I believe the contract is not ambiguous as to who the parties to the contract are. As stated by the majority, the signature block for "CONTRACTOR" is signed "John S. Wise, III" without any designation by Mr. Wise that he is signing in any representative capacity or that he is signing for any entity other than himself. "Wise Construction, LLC" appears not even once in the contract. Mr. Wise initially requested that the Boyds make payments to "John S. Wise, III," and they did so. The change orders prepared by the "Contractor" contained not the name "Wise Construction, LLC," but rather a signature line titled "Contractor" signed by "John S. Wise, III" again without any designation or indication that Mr. Wise was signing in any representative capacity for any entity other than himself.

The fact that at some later time the Boyds learned there was a separate entity known as Wise Construction, LLC should in no way impact the determination of what the parties' intention was at the time the contract was signed. It is this Court's job to determine

the parties' intention at the time the parties signed the contract, and not what a party may have learned later. It is interesting to note that the Majority states that "[t]he trial court did find that Mr. Wise individually was 'personally liable and responsible for the liabilities and obligations of Wise Construction LLC' because he failed 'to sign contracts and change orders in a representative capacity.'" There was no proof presented that the Boyds knew, at the time the contract was signed, that any such entity by the name of "Wise Construction, LLC" even existed. The fact that the Boyds, at some later time, learned of the existence of Wise Construction, LLC is, respectfully, immaterial to what was their intent when they signed the contract prepared and presented to them by John S. Wise, III.

As I am at a loss as to how the Boyds could possibly have intended to contract with Wise Construction, LLC when they had no knowledge or even a clue that such an entity existed, I would, therefore, find that the Trial Court erred in finding that Wise Construction, LLC rather than John S. Wise, III was the party to the contract. For this reason, I respectfully dissent from the Majority's Opinion.

_____
D. MICHAEL SWINEY, JUDGE